UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CRESCENTIA SCHMIDT,

                Plaintiff,

                                                                     Case No. 21-cv-0319-bhl

      v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security Administration,

                Defendant,

_____

## DECISION AND ORDER

_____

         Plaintiff Crescentia Schmidt seeks the reversal and remand of the Acting Commissioner of Social Security's decision denying her application for Disability Insurance Benefits (DIB) under the Social Security Act. For the reasons set forth below, the Acting Commissioner's decision will be affirmed.

### PROCEDURAL BACKGROUND

         Schmidt applied for DIB on January 17, 2019, alleging a disability onset date of November 29, 2016, with a date last insured of December 31, 2019. (ECF No. 13 at 1; ECF No. 10-3 at 15.) Her claim was denied initially and on reconsideration, so she sought a hearing before an administrative law judge (ALJ). (ECF No. 13 at 1.) That hearing occurred on March 19, 2020. (*Id.*) In a decision dated April 21, 2020, the ALJ found Schmidt "not disabled" as of her date last insured. (*Id.*) The Appeals Council denied her request for review, and this action followed. (*Id.* at 2.)

### FACTUAL BACKGROUND

         Schmidt's family history involves multiple instances of sexual and domestic abuse. (ECF No. 10-10 at 97.) These either precipitated or exasperated a litany of mental illnesses, including bipolar disorder, anxiety, and depression. (ECF No. 13 at 2-3.) At the time of her hearing before the ALJ, Schmidt testified that she lived with her husband, experienced frequent panic attacks, and spent most of her day on the couch. (ECF No. 10-3 at 47, 55-56, 59.) In his decision, the ALJ found that, through her date last insured, Schmidt had the following severe impairments: "degenerative disc disease, a history o[f] right femur fracture, anxiety disorder, depressive disorder, and posttraumatic stress disorder." (*Id.* at 17.)

## LEGAL STANDARD

The Acting Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citation omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Schmidt argues that the ALJ's residual functional capacity (RFC) analysis is incomplete because it improperly excludes certain social limitations established in the record. Specifically, she challenges the ALJ's decision to impose no more than "occasional"—rather than "superficial"—interactions with coworkers and supervisors. Two non-examining state agency medical consultants opined that Schmidt could endure only "superficial" contact in the workplace. (ECF No. 10-4 at 20, 40.) The ALJ dubbed both opinions "generally persuasive," but found that Schmidt had "at least an ability to *occasionally* interact with supervisors and coworkers." (ECF No. 10-3 at 30-31) (emphasis added). Schmidt believes that, because "superficial" refers to the quality of interactions and "occasional" refers to their frequency, the ALJ did not have the freedom to select between the two and instead needed to address both and then cite evidence to explain why he adopted one limitation and not the other. The question on appeal is whether "superficial" and "occasional" refer to different dimensions of an interaction sufficient to create reversible error when the ALJ reduces a "superficial" limitation to an "occasional" one.

## I. The ALJ's RFC Assessment is Supported by Substantial Evidence.

A claimant's RFC is "an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). And "[i]f the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, *7 (July 2, 1996). In other words, the ALJ must build a "logical bridge" between the evidence of record and the RFC assessed. *See Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008).

As pertinent to this case, the ALJ concluded:

> [W]hile [the state agency medical consultants] found the claimant capable of . . . 'superficial' supervisor and coworker contact, these terms are not further defined by the doctor[s,] nor are they defined by the Dictionary of Occupational [T]itles. In addition, the undersigned finds that the overall evidence, including mental status exam findings as well as the claimant's ability to interact with medical providers throughout the relevant period supports at least an ability to occasionally interact with supervisors and coworkers, especially in jobs that can be done independently."

(ECF No. 10-3 at 31.) The passage appears to intimate that the ALJ thought a "superficial" restriction more severe in degree but not different in kind from an "occasional" restriction. According to Schmidt, this constitutes reversible error because a limitation to "superficial" interactions contemplates elements of those interactions wholly distinct from their temporal character, to which "occasional" refers.

Remand based on Schmidt's proposed superficial-occasional distinction is increasingly common in this circuit. *See Grazyna C. v. Kijakazi*, No. 3:21-cv-50030, 2022 WL 2802336, at *3 (N.D. Ill. July 18, 2022); *Beverly M. v. Kijakazi*, No. 2:20-cv-00510-JMS-MJD, 2021 WL 4582179, at *5 (S.D. Ind. Oct. 6, 2021); *Alexis G. v. Saul*, No. 1:20cv143, 2021 WL 870813, at *11 (N.D. Ind. Mar. 9, 2021); *Greene v. Saul*, No. 3:19-cv-00687-JD, 2020 WL 4593331, at *4 (N.D. Ind. Aug. 11, 2020); *Eveland v. Berryhill*, No. 2:16-CV-203-PRC, 2017 WL 3600387, at *5 (N.D. Ind. Aug. 22, 2017); *Wartak v. Colvin*, No. 2:14-CV-401-PRC, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016). But though it had the opportunity earlier this year in *Reynolds v. Kijakazi*, 25 F.4th 470 (7th Cir. 2022), the Seventh Circuit declined to sanction the developing trend. Instead, the Court acknowledged *Wartak* and its progenitors, but cautioned that the "distinction . . . between 'occasional' and 'superficial' may not matter for purposes of the RFC

analysis." *Id.* at 475. Other district courts have reached this conclusion. *See Marks v. Berryhill*, No. 2:16-cv-03034-APG-NJK, 2018 WL 702835, at *6 (D. Nev. Jan. 7, 2018); *Ward v. Comm'r of Soc. Sec.*, 18-CV-1317-FPG, 2020 WL 3035850, at *3 (W.D.N.Y. June 5, 2020). In *Marks*, the District of Nevada noted that "[r]easonable minds may differ as to whether or not occasional interactions are or are not necessarily superficial interactions." 2018 WL 702835, at *6. But it found "that the difference between an occasional interaction and a superficial interaction is not so great as to [warrant reversal]." *Id.* In *Ward*, the Western District of New York held that when an ALJ gives "considerable weight to a medical opinion stating a claimant's ability to handle brief and superficial contact, an RFC containing a limitation to 'occasional interaction' is supported by substantial evidence." 2020 WL 3035850, at *3. And, in fact, this Court recently registered its own skepticism of Schmidt's argument. *See Hofstad v. Kijakazi*, No. 21-CV-352-SCD, 2022 WL 3057243, at * 8 (E.D. Wis. Aug. 3, 2022) ("It seems that fewer contacts with others in the workplace would also imply more superficial contacts."). All of this is to say that the debate over the superficial-occasional distinction is, at present, unsettled, and no binding precedent controls. But because it reviews the Acting Commissioner's decisions according to the deferential "substantial evidence" standard, the Court finds the logic of *Marks* and *Ward* more persuasive.

As a basic linguistic matter, it is obvious that "superficial" and "occasional" capture different features of an interaction. "Superficial" denotes the absence of substance. *Superficial*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/superficial (last visited December 11, 2022). "Occasional" concerns frequency. *Occasional*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/occasional (last visited December 11, 2022). If Tom, Dick, and Harry gather every 30 minutes just to wave at one another, their interactions are superficial but not occasional. If they convene once every other month to analyze *War and Peace*, their interactions are occasional but not superficial. But these are the extremes. In most circumstances, a reasonable person could safely assume that the superficiality of contacts has some reasonable correlation with their frequency, especially in the workplace. A per se rule requiring reversal and remand whenever an ALJ conflates "occasional" and "superficial" is, therefore, at odds with the highly deferential substantial evidence standard, which itself demands nothing more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (citation omitted).

In this case, a reasonable mind could accept the evidence the ALJ relied on to assess an

"occasional" limitation in social interaction. While both state agency medical consultants found Schmidt capable of only "superficial" workplace interactions, neither defined "superficial," nor is that word defined in any relevant agency materials. (ECF No. 10-3 at 31-32.) Faced with such a nebulous restriction, the ALJ understandably resorted to the unambiguous term, "occasionally," which the Social Security Administration defines as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, *5 (Jan. 1, 1983). He explained how "mental status exam findings" and Schmidt's contact "with medical providers throughout the relevant period" supported "at least an ability to occasionally interact with supervisors and coworkers." (ECF No. 10-3 at 31.) The latent ambiguity of the term "superficial" and the citations to Schmidt's mental status exams and interactions with medical providers represented good reasons not to adopt the state agency consultants' opinions verbatim. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). And, in any case, because the ALJ also limited Schmidt to "jobs that can be done independently," (ECF No. 10-3 at 31), it is reasonable to assume that any "occasional" interactions would also be "superficial" in character. Thus, though "occasional" interactions may not necessarily be "superficial," any conflation of the two terms in this instance is not misguided enough to warrant remand.

## CONCLUSION

Courts reviewing Social Security decisions do not sit as a super-scrupulous grammar police force. They intervene to correct serious logical defects, not malapropisms. *See Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (comparing the substantial evidence standard to the clearly erroneous standard). Overly formulistic rules like the one Schmidt proposes contravene the spirit of deferential review. It may be, in certain cases, that failure to distinguish between "superficial" and "occasional" renders an ALJ's decision specious, but that is not what happened here.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 11, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge